**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-1469**

———————————

KEVIN LAMBERT CHAPLIN; JAMES PHILIP JONES;
ROBERT COLEMAN LEWIS; MARVIN L. OLIVER; LYNN
EUGENE RITENOUR; DAVID EUGENE ROWLETTE;
STEPHEN JACKSON TURLEY,

Plaintiffs - Appellants,

versus

DU PONT ADVANCE FIBER SYSTEMS; DU PONT
SPRUANCE; DU PONT TEXTILE & INTERIORS,
INCORPORATED,

Defendants - Appellees,

and

SOUTHERN LEGAL RESOURCE CENTER, INCORPORATED;
KIRK D. LYONS,

Parties in Interest.

———————————

**No. 04-1471**

———————————

KEVIN LAMBERT CHAPLIN; JAMES PHILIP JONES;
ROBERT COLEMAN LEWIS; MARVIN L. OLIVER; LYNN
EUGENE RITENOUR; DAVID EUGENE ROWLETTE;
STEPHEN JACKSON TURLEY,

Plaintiffs,

versus

DU PONT ADVANCE FIBER SYSTEMS; DU PONT
SPRUANCE; DU PONT TEXTILE & INTERIORS,
INCORPORATED,

                                      Defendants - Appellees,


        and

SOUTHERN LEGAL RESOURCE CENTER, INCORPORATED,

                                      Party in Interest,


        versus

KIRK D. LYONS,

                                      Party in Interest - Appellant.

———————————————

Appeals from the United States District Court for the Eastern
District of Virginia, at Richmond.  Henry E. Hudson, District
Judge.  (CA-03-469)

———————————————

Argued:  December 3, 2004          Decided:  March 10, 2005

———————————————

Before WILLIAMS and MICHAEL, Circuit Judges, and Henry F. FLOYD,
United States District Judge for the District of South Carolina,
sitting by designation.

———————————————

Affirmed by unpublished per curiam opinion.

———————————————

**ARGUED:** Kirk David Lyons, SOUTHERN LEGAL RESOURCE CENTER,
INCORPORATED, Black Mountain, North Carolina, for Appellants.
Niall Anthony Paul, SPILMAN THOMAS & BATTLE, P.L.L.C., Charleston,
West Virginia, for Appellees.  **ON BRIEF:** James S. Crockett, Jr.,
SPILMAN THOMAS & BATTLE, P.L.L.C., Charleston, West Virginia;
Jonathan P. Harmon, Robert F. Holland, MCGUIREWOODS, L.L.P.,
Richmond, Virginia, for Appellees.

———————————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant Kirk D. Lyons (Lyons) appeals the award of sanctions against him in connection with his clients' Title VII claims for religious and racial discrimination. Lyons asserts that the district court abused its discretion in imposing sanctions against him pursuant to Fed. R. Civ. P. 11(b)(3) because he conducted an objectively reasonable investigation of the factual basis for the claims prior to filing the action.

Appellants Kevin Lambert Chaplin, James Philip Jones, Robert Coleman Lewis, Marvin L. Oliver, Lynn Eugene Ritenour, David Eugene Rowlette, and Stephen Jackson Turley (collectively, "Appellants") appeal the award of attorney's fees imposed upon them in connection with their Title VII claims for national origin, religious, and racial discrimination. Appellants contend that the district court abused its discretion in awarding attorney's fees under 42 U.S.C.A. § 2000e-5(k)(West 2003) because Appellants' claims were not frivolous, unreasonable, or without foundation.

For the reasons set forth below, we affirm.

## I.

In September 2000, Du Pont Advance Fiber Systems, Du Pont Spruance, and Du Pont Textiles & Interiors, Incorporated (collectively, "Du Pont") instituted a policy banning the display of offensive symbols on Du Pont property. Included in the policy

4

is a ban on the display of the Confederate battle flag on Du Pont's Spruance Plant in Richmond, Virginia.

Each of the seven Appellants is an employee at Du Pont's Spruance plant, and each professes to be a Caucasian, a Christian, and a Confederate Southern American. As a result of Du Pont's policy, Appellants brought a Title VII action, 42 U.S.C.A. § 2000e et seq., alleging employment discrimination based upon their race, religion,[1] and national origin.

The District Court for the Eastern District of Virginia dismissed Appellants' action as to all counts pursuant to Fed. R. Civ. P. 12(b)(6). Chaplin v. Du Pont Advance Fiber Systems, 293 F. Supp. 2d 622 (E.D.Va. 2003) (Chaplin I). Prior to the ruling of the court, Du Pont served upon Appellants its Rule 11 motion for sanctions, along with a letter requesting that they voluntarily dismiss the action within twenty-one days. Thereafter, when Appellants failed to dismiss their claims, Du Pont filed its sanctions motion with the district court. Du Pont also filed a motion for attorney's fees and expenses pursuant to 42 U.S.C.A. § 2000e-5(k).

In a hearing on Du Pont's motions, the district court denied Du Pont's Rule 11 motion for sanctions and granted its motion for attorney's fees and expenses against both Appellants and Lyons. However, because 42 U.S.C.A. § 2000e-5(k) does not provide for an

---

[1] Appellant Stephen Jackson Turley did not join in this claim.

5

award of fees against counsel, the district court vacated its decision to award attorney's fees against Lyons and its decision to deny Du Pont's motion for sanctions.

The district court issued a subsequent order granting Du Pont's motion for fees and expenses against Appellants as to all claims and granting in part its motion for sanctions against Lyons as to the religious and racial discrimination claims. Chaplin v. Du Pont Advance Fiber Systems, 303 F. Supp. 2d 766 (E.D.Va. 2004) (Chaplin II). Appellants noticed this appeal after the court denied their motion to alter or amend the judgment.

## II.

We review for abuse of discretion both the district court's imposition of Rule 11 sanctions on a practicing lawyer, Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990), as well as its award of attorney's fees under 42 U.S.C.A. § 2000(e)-5(k). Arnold v. Burger King Corp., 719 F.2d 63, 66 (4th Cir. 1983).

## III.

### A.

The district court levied sanctions against Lyons pursuant to subsection (b)(3) of Rule 11, which requires an attorney to assure that "the allegations and other factual contentions [within the complaint] have evidentiary support or, if specifically so

6

identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Pursuant to this rule, before filing a claim, an attorney must conduct a reasonable investigation of the factual bases underlying the claim. Cleveland Demolition Co. v. Azcon Scrap Corp., 827 F.2d 984, 987 (4th Cir. 1987). When there is no factual basis for a particular claim, the attorney has violated Rule 11(b)(3). In re Kunstler, 914 F.2d 505, 516 (4th Cir. 1990).

1.

The district court did not abuse its discretion when it found that the religious discrimination claim lacked any factual basis. In a Title VII action for employment discrimination based upon the plaintiff's religion, the plaintiff must show either that he suffered disparate treatment as a result of his religion or that the employer failed to accommodate his religious practices. Chalmers v. Tulon Co. of Richmond, 101 F.3d 1012, 1017 (4th Cir. 1996) (citations omitted). Lyons argues only that the district court erred in awarding sanctions on Appellants' failure to accommodate claim.

To establish a prima facie religious accommodation claim, a plaintiff must establish that (1) he has a bona fide religious belief that conflicts with an employment requirement; (2) he informed the employer of this belief and requested an accommodation

thereof; and (3) he was disciplined for failure to comply with the conflicting employment requirement.  Id. at 1019.

Appellants failed to meet the second prong of the test.[2] Although Appellants apparently informed Du Pont of their religious beliefs, no evidence exists in the record to suggest that Appellants requested an accommodation of these beliefs prior to the filing of their Equal Employment Opportunity Commission (EEOC) charge.  In fact, it was not until months after their EEOC charges had been filed and subsequently denied that Appellants submitted letters to their supervisors requesting that they be allowed to display confederate flag symbols.  As noted by the district court, Lyons' eleventh-hour attempt to bolster his clients' religious discrimination claim was disingenuous at best, and supports the court's finding that Lyons had no factual foundation upon which to base the claim.  Chaplin II, 303 F. Supp. 2d at 774.  Accordingly, the district court did not abuse its discretion when it awarded sanctions against Lyons for failure to comply with Rule 11(b)(3).


2.

The district court also awarded sanctions against Lyons in connection with Appellants' racial discrimination claim.  The court based the award upon its finding that the claim was "neither

---

[2]The district court declined to address the first and third prongs of the failure to accommodate analysis in its ruling on Du Pont's sanctions motion.

8

factually supported nor supportable" as pled because Appellants failed to suggest that "Du Pont's policy discriminates, directly or indirectly, against Caucasians." Chaplin II, 303 F. Supp. 2d at 771. Although we believe the district court was incorrect in its analysis of Appellants' race discrimination claim, we do not believe that the court abused its discretion in awarding sanctions and, thus, affirm on other grounds.

According to the district court, the fact that Appellants' national origin class is multiracial "practically eviscerates" their racial discrimination claim. Id. However, this logic is problematic. Generally speaking, every national origin class is multiracial. Thus, it is quite possible that an employee could have cognizable causes of action for both national origin discrimination and race discrimination. An employer could discriminate against all Caucasian employees, as well as all employees of Confederate Southern American descent, or that employer could discriminate against only Caucasian employees who were also of Confederate Southern American descent. An attorney representing a member of both classes should not be threatened with the risk of sanctions for bringing causes of action for both race discrimination and national origin discrimination. As such, the district court erred in awarding sanctions against Lyons on this basis.

Lyons' actions are sanctionable, however, under Fed. R. Civ. P. 11(b)(2), which allows the district court to award sanctions for unwarranted legal contentions. Rule 11(b)(2) requires an attorney to certify that "the claims . . . are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . ."

It is well-established that to set forth a prima facie case of employment discrimination, the plaintiff must assert that he suffered some sort of adverse employment action. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Appellants failed to aver that they had suffered any adverse employment action. Clearly, then, their race discrimination claim, as pled, was unwarranted by existing law. Moreover, to the extent that Lyons was attempting to expand the law of adverse employment action, the record fails to provide any guidance as to what action taken by Du Pont Appellants claim was adverse. We may affirm a judgment on any ground supported by the record. See MM v. School District, 303 F.3d 523, 536 (4th Cir. 2002). Thus, we find that the district court's award of sanctions against Lyons in connection with Appellants' race discrimination claim was proper pursuant to Fed. R. Civ. P. 11(b)(2).

In addition to warranting sanctions against Lyons, the absence of an adverse employment action in this case supports an award of attorney's fees against Appellants.  Title VII allows a district court, in its discretion, to award a prevailing defendant reasonable attorney's fees if the plaintiff's case was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978).  To make this determination, the district court should "examine the suit against the background of the law at the time of the filing and the facts known to [the plaintiff]." Lotz Realty Co., Inc. v. United States Dept. Of Housing and Urban Dev., 717 F.2d 929, 932 (4th Cir. 1983).

Each of Appellants' claims is missing the allegation that Appellants suffered an adverse employment action, an essential element to an employment discrimination claim under McDonnell Douglas.  It was unreasonable for Appellants to bring the action based upon a policy that caused them nothing more than aggravation. Accordingly, the award of attorney's fees by the district court was proper on all counts.[3]

---

[3]Additionally, for the reasons discussed in section III.A.1, the award of attorney's fees was appropriate on the religious discrimination claim because Appellants knew that they failed to request an accommodation prior to the filing of or within their EEOC charges, thereby making the claim frivolous, unreasonable, and without foundation.

IV.

Pursuant to the foregoing discussion and analysis, we affirm the district court's award of sanctions and attorney's fees.

AFFIRMED

12