NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0769n.06

No. 10-3822

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Nov 16, 2011*

LEONARD GREEN, Clerk

KENITHA LANEY,                                    )
                                                  )
    Plaintiff-Appellant,                          )
                                                  )
v.                                                )    ON APPEAL FROM THE UNITED
                                                  )    STATES DISTRICT COURT FOR
OHIO DEPARTMENT OF YOUTH SERVICES,                )    THE SOUTHERN DISTRICT OF
                                                  )    OHIO
    Defendant-Appellee.                           )
                                                  )
                                                  )

Before: KENNEDY, GIBBONS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Kenitha Laney appeals the district court's grant of summary

judgment with respect to her employment discrimination claims. Because her employer had ample

performance-related reasons for terminating her, we affirm.

I.

Laney's job was supervising youths detained at Marion Juvenile Correctional Facility. New

Juvenile Corrections Officers like Laney go through a one-year probationary period during which

their employment is at will. Officers who make it through this period get some job security via

union representation and a collective bargaining agreement. Laney did not make it through the

period. About three weeks before the end of probation, a supervisor at the Department of Youth

Services asked her to resign, which she eventually did. The Department says it asked her to resign

because she had been bringing contraband to the youth, sleeping on the job, and otherwise acting unprofessionally. Laney says her departure was due at least in part to her race, sex, religion, or threats to report discrimination. She brought this lawsuit, alleging violations of federal employment discrimination law. Eventually the district court granted summary judgment to the Department. This appeal followed.

## II.

We review the district court's grant of summary judgment *de novo*. *See Spees v. James Marine, Inc.*, 617 F.3d 380, 388 (6th Cir. 2010).

Laney primarily raises mixed-motive claims. That is, she acknowledges that her poor performance may have been one reason for firing her, but she thinks impermissible reasons influenced the Department as well. *See* 42. U.S.C. § 2000e-2(m); *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 396–97 (6th Cir. 2008). To prevail on such a claim, Laney must "produce evidence sufficient to convince a jury that" her race, religion, or sex was "a motivating factor" in the employer's adverse employment action. *White*, 533 F.3d at 400 (internal quotation marks omitted).

Laney contends that a jury could infer impermissible motives for her termination from the fact that other correctional officers (who were not black Muslim women as she was) performed just as badly as she did, but were not disciplined or fired. Many of these officers were no longer on probation, however, and thus were harder to fire than Laney. Hence they are not comparable employees. *See*, *e.g.*, *Cooper v. North Olmstead*, 795 F.2d 1265, 1270–71 (6th Cir. 1986).

So Laney is left with four comparables: probationary officers Halverson, Tate, Glass, and Smiley. But first Laney must show that her conduct was sufficiently similar to theirs. *See Graham*

*v. Best Buy Stores, L.P.*, 298 F. App'x 487, 495 (6th Cir. 2008). Laney fails that test. The Department had overwhelming evidence of her poor job performance: numerous complaints about inappropriate behavior with youths, reports that she brought them contraband, arguments with coworkers, failures to remain at her post, and two videos of her sleeping on the job. Laney did not show that any probationary employees approached this collection of misconduct. Many of her allegations about Tate and Glass are unsupported by any evidence, which is of course insufficient. "[A] summary judgment opponent" must "make her case with a showing of facts that can be established by evidence that will be admissible at trial." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). Likewise insufficient are her citations to rumor and other inadmissible hearsay. *See id.* Laney does point to a fellow officer's deposition testimony that he caught Halverson sleeping. But Halverson denied he was asleep, so the officer never reported the incident. Laney can hardly fault her employer for not meting out discipline for infractions it did not know about. A supervisor did discover Smiley sleeping, but Smiley resigned shortly thereafter. Laney's evidence regarding similarly-situated employees therefore fails to raise a genuine issue of material fact as to whether her termination was unlawful.

Laney's other arguments are also unconvincing. She cites a determination by the Ohio Civil Rights Commission that she had shown probable cause of discrimination. But that is a different body applying a different standard than the one we apply here. Moreover, the letter gave no helpful "factual material," *see Alexander*, 576 F.3d at 562, so the district court was right to give it little weight.

Laney also points out that she was asked to (and did) remove a head-scarf she wore to work one day. To survive summary judgment, however, Laney must have informed the Department that she needed a religious accommodation to wear the scarf. *See Reed v. United Auto Workers*, 569 F.3d 576, 580 (6th Cir. 2009). Laney admitted she never followed the Department's procedures in doing so. That omission is fatal to this claim. *See Knight v. State Dep't of Pub. Health*, 275 F.3d 156, 167–68 (2d Cir. 2001); *Chaplin v. Du Pont Advance Fiber Sys.*, 124 F. App'x 771, 774 (4th Cir. 2005).

Finally, Laney contends that she complained of discrimination and harassment soon before her termination. But there is no evidence that the superintendent who terminated her knew about those complaints when he asked her to resign. Without such evidence, she cannot survive summary judgment. *See Mulhall v. Ashcroft*, 287 F.3d 543, 551–54 (6th Cir. 2005). Moreover, the mere fact that she complained does not raise an inference that she was terminated for that reason—especially when her misconduct is the more obvious explanation. *See Ladd v. Grank Trunk Western R.R.*, 552 F.3d 495, 502–03 (6th Cir. 2009). In sum, Laney did not provide evidence sufficient for a jury to conclude that she was fired for any reason but her bad performance.

Laney alternatively raises single-motive claims—i.e., claims that her race, sex, religion, or complaints were the only reason she was fired. But she has no evidence that would allow a jury to find that all of the Department's legitimate reasons for firing her were pretextual. *See Chen v. Dow Chem. Co.*, 580 F.3d 394, 400–01 (6th Cir. 2009). These claims therefore fail.

Finally, Laney brings a hostile work environment claim. In part, this claim is derivative of the mixed-motive claim that we have already rejected. Beyond that, Laney vaguely alleges that her

supervisor harassed her.  But Laney does not say what actions she thinks were harassment.  That her supervisor pointed out deficiencies in her performance is not harassment, *see Keever v. City of Middletown*, 145 F.3d 809, 813 (6th Cir. 1998); and at any rate it appears that her supervisor imposed discipline uniformly.  More troubling is an incident where another probationary officer allegedly called her a "black bitch."  But such an isolated comment by a non-decisionmaker is not enough to create a genuine issue for trial.  *See Ladd*, 552 F.3d at 498, 501.

The district court's grant of summary judgment is affirmed.